# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Information Associated with Chatstep Username<br>"Naturist," Stored at Premises Owned, Maintained,<br>Operated, or Controlled by Chatstep.com | )<br>)<br>)<br>)<br>)<br>) | Case No. 1:18-SW-528 |

AUG 3 0 2018

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Northern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252 and 2252A | Distribution, transportation, receipt, possession, and access with intent to view child pornography |

The application is based on these facts:

See attached Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Daniel K. Bremer, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____08/30/2018_____

_____/s/_____
John F. Anderson
United States Magistrate Judge
*Judge's signature*

City and state: Alexandria, Virginia

The Hon. John F. Anderson, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Chatstep username "Naturist" that is stored at premises owned, maintained, controlled, or operated by Chatstep, a provider with the following mailing address: 105 Labs LLC, 2784 Homestead Road #431, Santa Clara, CA 95051.

## ATTACHMENT B

### Particular Things to be Seized

**I.      Information to be disclosed by Chatstep**

To the extent that the information described in Attachment A is within the possession, custody, or control of Chatstep, regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to Chatstep, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f) or by operation of 18 U.S.C. § 2258A(h), Chatstep is required to disclose, within 14 days from the date of issuance of this warrant, the following information to the government for each account listed in Attachment A:

a.      All records and information relating to any activity by Chatstep user "Naturist" between December 1, 2016 and December 13, 2017;

b.      All records and information containing contents of communications, including transmission and receipt of images or videos, by Chatstep user "Naturist" between December 1, 2016 and December 13, 2017;

c.      Images or videos uploaded, downloaded, or viewed by Chatstep user "Naturist";

d.      All records and information preserved, recorded, or created as a result of Chatstep's use of Microsoft PhotoDNA to identify, flag, or screen any images or videos uploaded or downloaded by the Chatstep user "Naturist";

e.      All records and information preserved, recorded, or created as a result of any report made to the National Center for Missing and Exploited Children concerning the Chatstep user "Naturist";

f.      All records and information transmitted to the National Center for Missing and Exploited Children regarding the Chatstep user "Naturist";

g.      All records or information concerning images or videos uploaded, downloaded, or viewed by Chatstep user "Naturist," including hash values or other descriptions of images and videos, file titles and metadata, transaction logs, upload and download logs;

h.      All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

i.      All records pertaining to communications between Chatstep and any person regarding the user "Naturist," including contacts with support services and records of actions taken;

j.      Copies of all versions of Chatstep's Terms of Service or Privacy Policy in place between December 2016 and December 2017;

k.      All records or other information regarding the identification of the Chatstep user "Naturist," to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

1.      The types of service utilized by the Chatstep user "Naturist."

## II.    Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A—specifically distribution, transportation, receipt, possession, or access with intent to view child pornography (as defined in 18 U.S.C. § 2256(8)(A) and (C))—involving the Chatstep user "Naturist," including information pertaining to the following matters:

(a) Child pornography, child erotica, or other depictions of children, including copies of such images or videos, hash values or other mathematical identifiers of such images or videos, file names and sizes, file descriptions, accompanying text, or other metadata;

(b) The actual, attempted, or contemplated distribution, transportation, receipt, upload, download, saving, viewing. access; or possession of the items described in paragraph (a), including transaction logs, records and information concerning identification of any such files by Microsoft PhotoDNA, and records and information transmitted to the National Center for Missing and Exploited Children;

(c) The identity of the person(s) who created or used the user ID, who interacted in with any material described in paragraph (a), or who engaged in, attempted to engage in, assisted with, commanded or caused, aided or abetted, or conspired with others concerning the activities described in paragraph (b);

(d) The mental state of the person(s) who created or used the user ID, who interacted in with any material described in paragraph (a), or who engaged in, attempted to

engage in, assisted with, commanded or caused, aided or abetted, or conspired with others concerning the activities described in paragraph (b);

(e) Copies of all versions of Chatstep's Terms of Service or Privacy Policy in place between December 2016 and December 2017.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Chatstep, and my title is

_____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of Chatstep. The attached records consist of _____ (pages/CDs/megabytes). I further state that:

     a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Chatstep, and they were made by Chatstep as a regular practice; and

     b.     such records were generated by Chatstep's electronic process or system that produces an accurate result, to wit:

          1.     the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Chatstep in a manner to ensure that they are true duplicates of the original records; and

          2.     the process or system is regularly verified by Chatstep, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____          _____

Date                               Signature

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AUG 3 0 2018

| | |
|---|---|
| IN RE SEARCH OF:<br><br>INFORMATION ASSOCIATED WITH CHATSTEP USERNAME "NATURIST," STORED AT PREMISES OWNED, MAINTAINED, OPERATED, OR CONTROLLED BY CHATSTEP.COM | Case No. 1:18-SW-528 |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, Daniel K. Bremer, being duly sworn, depose and state as follows:

### INTRODUCTION

1.      I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have

been since 2005.  I am thus an officer of the United States who is empowered by law to conduct

investigations of, and make arrests for, offenses enumerated in Title 18, United States Code,

Sections 2252 and 2252A.  Since 2005, I have received training and experience interviewing and

interrogation techniques, and arrest and search procedures.  In January 2006, I was assigned to

Washington Field Office (WFO), Criminal Division/Violent Crimes Major Offenders (VCMO)

squad.  While at this assignment, I was responsible for investigating Bank Robbery, Hobbs Act,

Kidnapping, Impersonation, and other federal violent crime violations.  In 2008, I was assigned

to the Crimes Against Children ("CAC") squad and charged with investigating Adult Obscenity

violations and assisted in Human Trafficking investigations.  In January 2009, I was transferred

to the WFO Polygraph Unit where I was charged with conducting pre-employment, source

vetting, and criminal polygraph examinations on a full time basis.  In August 2010, I was

1

transferred to the Norfolk Field Division where I conducted intelligence operations in support of criminal and counterterrorism investigations. In November 2012, I was promoted to Supervisory Special Agent and assigned to the Counterterrorism Division of FBI Headquarters, specifically to the International Terrorism Operations Section. In January 2015, I was promoted to Senior Supervisory Special Agent Detailee to the National Counterterrorism Center in Mclean, Virginia. In August 2017, I was transferred to the Washington Field Office, Northern Virginia Resident Agency, and assigned to the Child Exploitation/Human Trafficking Task Force. Since joining the FBI, I have investigated violations of federal law. As a federal agent, I am authorized to investigate violation of laws of the United States and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States. Since August 2017, I have been assigned to investigate violations of law concerning the sexual exploitation of children, including child pornography, and child sex trafficking. I have gained experience through both formal and on-the-job training in conducting these types of investigations.

2.      I make this Affidavit in support of an application for a search warrant for information associated with the Chatstep user "Naturist," further described in Attachment A, that is stored at premises owned, maintained, controlled, or operated by Chatstep.com ("Chatstep"), an electronic communications service provider and/or remote computing service with the following mailing address: 105 Labs LLC, 2784 Homestead Road #431, Santa Clara, California 95051. This Affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A) to require Chatstep to disclose to the government copies of records and other information (including the content of communications), as further described in Section I of Attachment B, pertaining to the subscriber or customer associated with those accounts.

2

Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

3.     Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that evidence of actual or attempted violations of 18 U.S.C. §§ 2252 and 2252A (which prohibit the distribution, transportation, receipt, possession, and access with intent to view child pornography) is likely stored at premises owned, maintained, controlled, or operated by Chatstep. I therefore request that a warrant issue for the search of the accounts described in Attachment A for evidence of these crimes, as described in Attachment B.

4.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711 and 18 U.S.C. § 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is a "district court of the United States ... that – (i) has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

5.     Because this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. The statements in this affidavit are based upon information that I obtained during this investigation, either through direct observation, review of evidence or records, or communications with witnesses or fellow law enforcement personnel. Where statements of others are set forth in this Affidavit, they are set forth in substance and in part. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Chatstep possesses certain records and information that constitute or contain contraband and evidence, fruits, and instrumentalities of violations of 18

3

U.S.C. §§ 2252(a)(1) and (b)(1) (transportation of visual depictions of minors engaged in sexually explicit conduct); 2252(a)(2) and (b)(1) (receipt and distribution of visual depictions of minors engaged in sexually explicit conduct); 2252(a)(4)(B) and (b)(2) (possession of and access with intent to view a visual depiction of a minor engaged in sexually explicit conduct); 2252A(a)(1) and (b)(1) (transportation of child pornography); 2252A(a)(2)(A) and (b)(1) (distribution and receipt of child pornography); and 2252A(a)(5)(B) and (b)(2) (possession of and access with intent to view child pornography).

## RELEVANT STATUTES

3.      Title 18, United States Code, Section 2252(a)(1) and (b)(1) prohibits the knowing transportation or shipment of any visual depiction of minors engaging in sexually explicit conduct using any means or facility of interstate or foreign commerce or in or affecting interstate commerce by any means, including by computer.

4.      Title 18, United States Code, Section 2252(a)(2) and (b)(1) prohibits the knowing receipt or distribution of any visual depiction of minors engaging in sexually explicit conduct that has been mailed or shipped or transported in or affecting interstate or foreign commerce, by any means, including by computer.

5.      Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) prohibits the possession of one or more books, magazines, periodicals, films, or other materials which contain any visual depictions of minors engaged in sexually explicit conduct that have been transported using any means or facility of interstate or foreign commerce or in or affecting foreign commerce or that were produced using materials that had traveled in interstate or foreign commerce, by any means, including by computer.

4

6.      Title 18, United States Code, Section 2252A(a)(1) and (b)(1) prohibits the knowing mailing, or transportation or shipment using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, of any child pornography.

7.      Title 18, United States Code, Section 2252A(a)(2) and (b)(1) prohibits the knowing receipt or distribution of any child pornography that has been mailed or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer.

8.      Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2) prohibits the knowing possession of any book, magazine, periodical, film, videotape, computer disk, or other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer.

## DEFINITIONS

9.      The following definitions apply to this Affidavit and its Attachments:

a.      "Chat," as used herein, refers to any kind of text communication over the Internet that is transmitted in real-time from sender to receiver. Chat messages are generally short in order to enable other participants to respond quickly and in a format that resembles an oral conversation. This feature distinguishes chatting from other text-based online communications such as Internet forums and email.

5

b.      "Child erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily obscene or do not necessarily depict minors in sexually explicit poses or positions.

c.      "Child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction of sexually explicit conduct where (A) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, or (C) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

d.      "Computer," as used herein, refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device" and includes smartphones, and mobile phones and devices. *See* 18 U.S.C. § 1030(e)(1).

e.      "Internet Protocol address" or "IP address," as used herein, refers to a unique number used by a computer or other digital device to access the Internet. IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be "static," if an ISP assigns a user's computer a particular IP address that is used each time the computer accesses the Internet.

f.      "Internet Service Providers" ("ISPs"), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the

6

Internet, web hosting, e-mail, remote storage, and co-location of computers and other communications equipment.

g.      "Minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

h.      "Records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade, photographic, mechanical, electrical, electronic, or magnetic form.

i.      "Sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

j.      "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

## BACKGROUND ON CHILD PORNOGRAPHY, COMPUTERS, THE INTERNET, AND EMAIL

10.      I have had training in the investigation of computer-related crimes and I have consulted more senior law enforcement agents on this matter.  Based on my training, experience, and knowledge, I know the following:

7

a.      Computers and digital technology have dramatically changed the way in which individuals interested in child pornography interact with each other.  Computers basically serve four functions in connection with child pornography:  production, communication, distribution, and storage.

b.      Child pornographers can now transfer printed photographs into a computer-readable format with a device known as a scanner.  Furthermore, with the advent of digital cameras and smartphones with cameras, when the photograph is taken it is saved as a digital file that can be directly transferred to a computer by simply connecting the camera or smartphone to the computer.  In the last ten years, the resolution of pictures taken by digital cameras and smartphones has increased dramatically, meaning that such pictures have become sharper and crisper.  Photos taken on a digital camera or smartphone may be stored on a removable memory card in the camera or smartphone.  These memory cards often store up to 32 gigabytes of data, which provides enough space to store thousands of high-resolution photographs.  Video camcorders, which once recorded video onto tapes or mini-CDs, now can save video footage in a digital format directly to a hard drive in the camera.  The video files can be easily transferred from the camcorder to a computer.

c.      A device known as a modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection.  Electronic contact can be made to literally millions of computers around the world.  The ability to produce child pornography easily, reproduce it inexpensively, and market it anonymously (through electronic communications) has drastically changed the method of distribution

8

and receipt of child pornography. Child pornography can be transferred via electronic mail or through file transfer protocols (FTPs) to anyone with access to a computer and modem. Because of the proliferation of commercial services that provide electronic mail service, chat services (*i.e.*, "instant messaging"), cloud storage, and easy access to the Internet, the computer is a preferred method of distribution and receipt of child pornographic materials.

d.      The Internet affords individuals numerous venues for obtaining, viewing, and trading child pornography in a relatively secure and anonymous fashion.

e.      Individuals also use online resources to trade, distribute, store, and retrieve child pornography, including services offered by Internet Portals such as Yahoo! and Hotmail, among others. The online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the Internet.

## BACKGROUND ON NCMEC AND CYBERTIPS

11.      The National Center for Missing and Exploited Children—often abbreviated to "NCMEC"—is a private, nonprofit corporation based in Alexandria, Virginia. It was created to help find missing children, reduce child exploitation, and prevent child victimization. Among its other functions, NCMEC serves as a clearinghouse and reporting center for issues relating to the exploitation, abuse, victimization, and abduction of children.

12.      In 1998, NCMEC launched its "CyberTipline," which was developed to further NCMEC's mission of helping prevent and diminish the sexual exploitation of children by

9

allowing the public and electronic service providers to make online reports, or "CyberTips," concerning child pornography, the enticement of children for sexual acts, extra-familial child molestation, child sex tourism, child sex trafficking, and other offenses relating to child exploitation. The CyberTipline later developed to include a secure function through which electronic service providers can upload files relating to child sexual exploitation when making reports to NCMEC, and these files may include images, video, or other content.

13.     Under 18 U.S.C. §§ 2258A, *et seq.*—which passed after NCMEC began operating the CyberTipline—electronic service providers who obtain actual knowledge of apparent commissions of certain child-pornography offenses must submit a "CyberTip" to the NCMEC CyberTipline. These CyberTips often include certain information regarding the apparent offender and the apparent child pornography images involved. NCMEC must then forward the CyberTip to law enforcement.

14.     After an electronic service provider makes a CyberTipline report to NCMEC, a NCMEC staff member uses conventional and publicly available open-source tools to try to identify potential geographic information pertaining to the individual who is the subject of the report. NCMEC is not required to open image or video files provided by a reporting electronic service provider, and it does not open or view every image file submitted in a CyberTipline report.

## BACKGROUND ON CHATSTEP AND MICROSOFT PHOTODNA

15.     "Chatstep" refers to an internet-based anonymous chat service, available at http://chatstep.com, which allows users to chat in real time in chat "rooms." Users of Chatstep are not required to register, open a Chatstep account, or provide Chatstep with any accurate

personal identifiers before entering a room.  Chatstep does not ordinarily store copies of chat

messages, files, or images shared in a Chatstep room.  Chatstep rooms can be either public or

private.  Private Chatstep rooms typically require a password to enter.

16.     Chatstep users can also share files with other users in the same room, including

image or video files.  Once in a Chatstep room, users can share their image and video files by

"dragging" the file into the chat window.  The file will then be available to others who are

present within the room.

17.     In my training and experience, I know that in the last several years, Chatstep has

become a popular forum for individuals looking for an anonymous place to share and distribute

child pornography and to discuss issues relating to the exploitation of children with other like-

minded individuals.

18.     Chatstep provides a law enforcement guide that contains the following

paragraphs:

### *How does Chatstep detect and report contraband images to NCMEC?*

As soon as a user uploads an image, it is checked against Microsoft PhotoDNA
which is a system for detecting and reporting contraband images.  If a match is
detected, the picture is blocked from being shared and the uploading user along
with the image is automatically reported to NCMEC.  Chatstep employees
currently do not manually review any images before they are reported to NCMEC
nor do they monitor rooms looking for contraband images.  Only images
recognized as contraband by PhotoDNA are reported to NCMEC.

### *Does Chatstep detect and report images shared in private rooms (rooms with a password)?*

Yes, every single image uploaded to Chatstep is checked against Microsoft
PhotoDNA and reported if detected.

11

19.     Chatstep's law enforcement guide states that it does not store copies of chat messages, files or images.  Under federal law, however, entities that make reports to NCMEC generally must preserve the contents of the report for at least 90 days.  *See generally* 18 U.S.C. § 2258A(h).  In my training and experience, many internet service providers preserve such information beyond the minimum retention period required by law.  In addition, as set forth below, a Chatstep representative told me that in this particular case Chatstep would still retain, at a minimum, certain records relating to the uploading of files to Chatstep, including the hash values of such files.

20.     Microsoft PhotoDNA is a cloud service provided by Microsoft to other electronic service providers to "help detect and report the distribution of child exploitation images. … [T]his technology has helped curb the exploitation of children around the world by detecting millions of illegal images for reporting to [NCMEC] and other appropriate authorities." According to Microsoft, "PhotoDNA Cloud Service hashes and converts images into numerical values which are matched against databases of hashes from known illegal images."  These images, according to Microsoft, are "[k]nown child exploitation images identified by trusted sources such as NCMEC."  Moreover, "[t]he hash represents a unique digital identifier for each image, making it possible to distinguish and flag harmful images—even if the images have been altered.  If a match is found, the images are automatically flagged for reporting to the appropriate authorities." *See* https://www.microsoft.com/en-us/PhotoDNA/Default (last visited August 28, 2018).

## BACKGROUND ON PAUL OTTO FREEBERG

21.     PAUL OTTO FREEBERG is a registered sex offender in the Commonwealth of

Virginia as a result of the 2000 conviction for possession of child pornography in the United

States District Court for the Eastern District of Virginia. *See United States v. Freeberg*, 1:00-cr-

167-TSE (E.D. Va.).  At the time of this conviction, FREEBERG was a Lieutenant Colonel in the

United States Marine Corps.  As a result of this conviction, FREEBERG was sentenced to 9

months in prison and 3 years of supervised release.  The conviction resulted from items seized

during a January 2000 execution of a search warrant at FREEBERG's residence located in

Alexandria, Virginia (the "FREEBERG Residence").  The Virginia Sex Offender Registry

currently lists FREEBERG's address as the FREEBERG Residence. The investigation into

FREEBERG revealed that he lives alone at the FREEBERG Residence.

## BACKGROUND TO THE INVESTIGATION

*Law Enforcement Receives Four CyberTips Concerning Child-Pornography-Related
Conduct by the Chatstep User "Naturist"*

22.     On or about September 18, 2017, NCMEC received a CyberTip from Chatstep.

Under the heading "Incident Information, "the CyberTip indicated that the incident type was

"Child Pornography (possession, manufacture, and distribution)." The information in the

CyberTip further indicated that, at 11:57 UTC on September 18, 2017, a Chatstep user with the

nickname "Naturist" uploaded an image file entitled

"9620bb190d044a29a763867d3ec904f1406_1000.jpg" while in the Chatstep chat room

"Gmotel." This CyberTip provided the IP address for the uploading user "Naturist" as

2600:8806:3200:b350:49b8:52b3:402:ba04.

13

23.     On or about September 24, 2017, NCMEC received another CyberTip from Chatstep. Once again, under the heading "Incident Information," the CyberTipline Report indicated that the incident type was "Child Pornography (possession, manufacture, and distribution)." And once again, the information in the CyberTipline Report further indicated that, at 00:24:35 UTC on September 24, 2017, a Chatstep user with the nickname "Naturist" uploaded an image file entitled "e0538ec09ed04a43bd1535b045659633263_1000.jpg" while in the Chatstep chat room "Fffrancc." This CyberTipline Report provided the following IP address for the uploading user "Naturist" as 2600:8806:3200:b350:10:adbf:cb6b:510f.

24.     On or about October 14, 2017, NCMEC received another CyberTip from Chatstep. Like the previous CyberTipline Reports, under the heading "Incident Information," the CyberTip indicated that the incident type was "Child Pornography (possession, manufacture, and distribution)." The information further identified the Chatstep user with the nickname "Naturist" as the "User or Person Being Reported" and it specified that it concerned one uploaded file. And it indicated that, at 02:42:33 UTC on October 14, 2017 "Naturist" uploaded an image file entitled "dd104bb464f046b1b741621bc52777b1_UTF8_b_0yMgKDI3OCkuanBn_ZiyUFcBR_1507686 432.jpg" while in the Chatstep chat room "zFrancesz." This CyberTip also included an IP address for the uploading user "Naturist" as 2600:8806:3200:b350:8d77:1f0E:14b1:e0d8

25.     Again, on or about October 15, 2017 NCMEC received another CyberTipline from Chatstep. Once again, under the heading "Incident Information," the Report indicated that the incident type was "Child Pornography (possession, manufacture, and distribution)." The information in the CyberTipline Report further identified the Chatstep user with nickname "Naturist" as the "User or Person Being Reported" and it indicated that, at 20:58:14 UTC on

14

October 15, 2017 "Naturist" uploaded an image file entitled
"271485d402064e1fab04643cbed8d4d11_5_-pYbnIPLj_1507686694.jpg" while in the Chatstep
chat room "FranXchat. " This CyberTip provided the following IP address for the uploading user
"Naturist" as 2600:8806:3200:b350:25f4:d7ea:bb04:9f78.

### The IP Addresses Used by "Naturist" Resolve Back to FREEBERG's Residence

26.     In October 2017, law enforcement sent subpoenas to Cox Communications
seeking subscriber records associated with the IP addresses listed in the CyberTips described
above.  In its responses to these subpoenas, Cox Communications provided information
indicating that, at the time of the uploads described in each CyberTip, the corresponding IP
address was assigned to FREEBERG at the FREEBERG Residence.

### Law Enforcement Gathers Additional Information Concerning "Naturist"

27.     Law enforcement also sent an order under 18 U.S.C. § 2703(d) to Chatstep
regarding other activity that the user "Naturist" engaged in on Chatstep.  Chatstep's response
indicated that the user "Naturist" had visited Chatstep chat rooms between December 2, 2016
and November 15, 2017.  This response further revealed that, in 2017, the user "Naturist" visited
chat rooms entitled "pedos," "pedofi," "pEDO2," "Boys2," "preteez," "under18," "Loiltazchat,"
"LLoiTaZs," "LoiltaZZ," "chatchatkiidds," "OnlyLittle," "teentrade," "fiveNuP,"
"fieveAndupp," "tvelweandup," "Twlvandup," "tvvelwenup," "busty13," "twalvetofiftyyen,"
"fifthgraede," "fffifthgradeee," "ssixthgrade," "sixthgrad," "sevenhgreade," "eithghraed,"
"coachHasBulge," "hscoachwithbulge," "Kinderchat2," "14bis16," "deutschepedos01," and
"kinderFotzchen01." In my training and experience, these terms are suggestive of child
pornography or child exploitation. For example, "pedo" is short for "pedophile" and is a

commonly used term among child pornography offenders. Other terms appear to be deliberately misspelled versions of "lolitas" or "preteen"—both of which are also commonly used terms among child pornography offenders—or terms indicating the ages or school years of children. According to the FBI WFO Language Services unit, the word "kinder" in German means "child," and the term "kinderFotzchen" translates roughly as "child pussy." (FREEBERG was born in Germany.)

28.     Each of the CyberTip reports described above also contained a copy of the associated image file referred to in the report. Between December 2017 and February 2018, the United States obtained search warrants authorizing the FBI to search the CDs containing these associated image files. I have reviewed these image files and describe them as follows:

a.   The file entitled e0538ec09ed04a43bd153045659633263_1000.jpg, referred to above, depicts a nude prepubescent white female child approximately between the ages of 9 and 12 years old lying on a bed with an erect penis touching her vagina. Ejaculate or other white liquid substance is visible and is shown smeared on the top of the penis and on the victim's vagina and stomach. No faces are shown in the image.

b.   The file entitled 9620bb190d044a29a763867d3ec904f1406_1000.jpg, referred to above, depicts 5 nude female children standing next to each other in an outdoor setting with trees in the background. Four of the children are prepubescent and all appear to range from approximately ages 8-12. The girls' genitals are visible in the image. In addition, two of the children are each holding up signs [one with the number "1" and the other "2"].

16

c. The file entitled dd104bb464f046b1b741621bc52777b1_UTF-8_b_0YMgKD13OCkuanBn_-ZiyUFcBr_1507686432.jpg, referred to above, depicts a nude prepubescent female child approximately between 11 and 14 years of age posing on a bed on her left side with her right leg propped up and her torso supported by her left elbow. The child's face is shown in full view and her bare vagina and breasts are exposed.

d. The file entitled 271485d402064e1fab04643cbed8d4d11_5_-pYbnIPLj_1507686694.jpg, referred to above, depicts a nude prepubescent female child approximately between 11 and 13 years of age sitting on a bed while leaning back supported by her hands with her knees bent. The child's buttocks are seated on top of her feet. The child's vagina and breasts are exposed and her face is shown.

**Law Enforcement Executes a Search Warrant at FREEBERG's Residence, Discovers Computers Containing Child Pornography, and Charges FREEBERG**

29. On December 13, 2017, law enforcement agents executed a federal search warrant at the FREEBERG Residence in Alexandria, Virginia and seized certain computers. These computers, which appear to have been used by FREEBERG, contained child pornography files as well as evidence that their user had downloaded child pornography from the internet.

30. FREEBERG has been federally charged with receipt of child pornography and is awaiting trial. *See United States v. Freeberg*, No. 1:18-MJ-372 (E.D. Va.).

17

***Chatstep Represents to the United States that it Likely Has Additional Records Concerning "Naturist"***

31.     In August 2018, I spoke with a Chatstep representative about what additional records Chatstep may have about "Naturist's" activities.  This representative told me that Chatstep would have information beyond what it already provided to the United States in response to the order under 18 U.S.C. § 2703(d).  According to the representative, Chatstep would still have retained, at a minimum, transactional records concerning uploads and hash values of files that "Naturist" uploaded (or attempted to upload) through Chatstep.

## CONCLUSION

32.     Based on the information set forth above, I submit there is probable cause to believe that evidence, fruits, instrumentalities, and/or contraband related to violations of 18 U.S.C. § 2252 and 2252A are stored at premises owned, operated, controlled, or maintained by Chatstep.  I therefore request that the Court issue the proposed search warrant.

Daniel K. Bremer
Special Agent
Federal Bureau of Investigation


Sworn and subscribed before me this 30th day of August, 2018.

_____ /s/ _____
John F. Anderson
United States Magistrate Judge
THE HONORABLE JOHN F. ANDERSON
UNITED STATES MAGISTRATE JUDGE

18

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Chatstep username "Naturist" that is stored at premises owned, maintained, controlled, or operated by Chatstep, a provider with the following mailing address: 105 Labs LLC, 2784 Homestead Road #431, Santa Clara, CA 95051.

## ATTACHMENT B

### Particular Things to be Seized

**I.   Information to be disclosed by Chatstep**

To the extent that the information described in Attachment A is within the possession, custody, or control of Chatstep, regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to Chatstep, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f) or by operation of 18 U.S.C. § 2258A(h), Chatstep is required to disclose, within 14 days from the date of issuance of this warrant, the following information to the government for each account listed in Attachment A:

a.      All records and information relating to any activity by Chatstep user "Naturist" between December 1, 2016 and December 13, 2017;

b.      All records and information containing contents of communications, including transmission and receipt of images or videos, by Chatstep user "Naturist" between December 1, 2016 and December 13, 2017;

c.      Images or videos uploaded, downloaded, or viewed by Chatstep user "Naturist";

d.      All records and information preserved, recorded, or created as a result of Chatstep's use of Microsoft PhotoDNA to identify, flag, or screen any images or videos uploaded or downloaded by the Chatstep user "Naturist";

e.      All records and information preserved, recorded, or created as a result of any report made to the National Center for Missing and Exploited Children concerning the Chatstep user "Naturist";

f.     All records and information transmitted to the National Center for Missing and Exploited Children regarding the Chatstep user "Naturist";

g.     All records or information concerning images or videos uploaded, downloaded, or viewed by Chatstep user "Naturist," including hash values or other descriptions of images and videos, file titles and metadata, transaction logs, upload and download logs;

h.     All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

i.     All records pertaining to communications between Chatstep and any person regarding the user "Naturist," including contacts with support services and records of actions taken;

j.     Copies of all versions of Chatstep's Terms of Service or Privacy Policy in place between December 2016 and December 2017;

k.     All records or other information regarding the identification of the Chatstep user "Naturist," to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

2

l.      The types of service utilized by the Chatstep user "Naturist."

## II.     Information to be seized by the government

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A—specifically distribution, transportation, receipt, possession, or access with intent to view child pornography (as defined in 18 U.S.C. § 2256(8)(A) and (C))—involving the Chatstep user "Naturist," including information pertaining to the following matters:

(a) Child pornography, child erotica, or other depictions of children, including copies of such images or videos, hash values or other mathematical identifiers of such images or videos, file names and sizes, file descriptions, accompanying text, or other metadata;

(b) The actual, attempted, or contemplated distribution, transportation, receipt, upload, download, saving, viewing. access, or possession of the items described in paragraph (a), including transaction logs, records and information concerning identification of any such files by Microsoft PhotoDNA, and records and information transmitted to the National Center for Missing and Exploited Children;

(c) The identity of the person(s) who created or used the user ID, who interacted in with any material described in paragraph (a), or who engaged in, attempted to engage in, assisted with, commanded or caused, aided or abetted, or conspired with others concerning the activities described in paragraph (b);

(d) The mental state of the person(s) who created or used the user ID, who interacted in with any material described in paragraph (a), or who engaged in, attempted to

engage in, assisted with, commanded or caused, aided or abetted, or conspired with others concerning the activities described in paragraph (b);

(e) Copies of all versions of Chatstep's Terms of Service or Privacy Policy in place between December 2016 and December 2017.

5

**CERTIFICATE OF AUTHENTICITY OF DOMESTIC**
**RECORDS PURSUANT TO FEDERAL RULES OF**
**EVIDENCE 902(11) AND 902(13)**

I, _____, attest, under penalties of perjury by the laws

of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in

this certification is true and correct. I am employed by Chatstep, and my title is

_____. I am qualified to authenticate the records attached hereto

because I am familiar with how the records were created, managed, stored, and retrieved. I state

that the records attached hereto are true duplicates of the original records in the custody of

Chatstep. The attached records consist of _____ (pages/CDs/megabytes). I further

state that:

a.    all records attached to this certificate were made at or near the time of the

occurrence of the matter set forth by, or from information transmitted by, a person with

knowledge of those matters, they were kept in the ordinary course of the regularly conducted

business activity of Chatstep, and they were made by Chatstep as a regular practice; and

b.    such records were generated by Chatstep's electronic process or system that

produces an accurate result, to wit:

1.    the records were copied from electronic device(s), storage medium(s), or

file(s) in the custody of Chatstep in a manner to ensure that they are true duplicates of the

original records; and

2.    the process or system is regularly verified by Chatstep, and at all times

pertinent to the records certified here the process and system functioned properly and normally.

1

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____         _____
Date                            Signature

2